CASE NO. 24-5148

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

ROBERT MCINTYRE, M.D.,
*Plaintiff / Appellant,*

v.

UNITED STATES INDIAN HEALTH SERVICE, AND
VISTA STAFFING SOLUTIONS, INC.
*Defendants / Appellees.*

On Appeal from the United States District Court
for the Northern District of Oklahoma

*The Honorable John D. Russell*
*United States District Judge*
Case No. 23-CV-421-JDR-CDL

**RESPONSE BRIEF OF THE UNITED STATES**
*Oral argument is not requested*

Clinton J. Johnson
United States Attorney
Northern District of Oklahoma

Rachel D. Parrilli, OBA # 18762
Assistant United States Attorney
110 W. Seventh Street, Suite 300
Tulsa, Oklahoma 74119-1013
918.382.2700
Rachel.Parrilli@usdoj.gov

*Attorneys for the United States of America*

March 24, 2025

# TABLE OF CONTENTS

Table of Authorities ............................................................... iii

Statement of Related Cases........................................................ 1

Statement of Jurisdiction ......................................................... 1

Statement of The Issues........................................................... 2

Standard of Review................................................................ 3

Statement of the Case and the Facts.............................................. 3

Summary of the Argument ........................................................ 4

Argument ......................................................................... 5

I.  The Complaint was properly dismissed for lack of subject-matter
jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) ......................... 5

II. The Complaint was properly dismissed for failure to state a claim pursuant
to Fed. R. Civ. P. 12(b)(6)................................................ 7

A. 41 U.S.C. § 4712(a)(1) does not grant the District Court jurisdiction...... 7

B. 5 U.S.C. § 2303(b)(8) does not grant the District Court jurisdiction ....... 8

C. 10 U.S.C. § 2409 [currently § 4701] does not grant the District Court
jurisdiction ............................................................ 9

D. 42 U.S.C. § 1395 does not grant the District Court jurisdiction............ 11

E. 25 C.F.R. § 11.448(b) does not grant the District Court jurisdiction..... 12

F.  42 U.S.C. § 18116 does not grant the District Court jurisdiction.......... 12

G. 28 U.S.C. § 1491 (b)(1) does grant the District Court jurisdiction ........ 13

III. No other statutes grant this Court jurisdiction over McIntyre's claims..... 15

IV. Concerns over multiple suits do not create jurisdiction ..................... 15

Conclusion ........................................................................ 16

Statement Regarding Oral Argument .......................................................... 16

Certificate of Compliance  ........................................................................ 18

Certificate Of Service ................................................................................ 18

# TABLE OF AUTHORITIES

## Cases

*Am. Hosp. Ass'n v. Azar*, 895 F.3d 822 (D.C. Cir. 2018) ................................. 11

*Amalgamated Sugar Co. v. Bergland*, 664 F.2d 818 (10th Cir.1981).................... 5

*Armstrong v. The Arcanum Grp., Inc.*, 897 F.3d 1283 (10th Cir. 2018) ............... 7

*Bayaud Enterprises, Inc. v. U.S. Dep't of Veteran's Affs.*,
440 F. Supp. 3d 1230 (D. Colo. 2020) ......................................................... 14

*Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007) ............................................. 11

*Blackmar v. Guerre*, 342 U.S. 512 (1952) ........................................................ 1

*Blue Valley Hosp., Inc. v. Azar*, 919 F.3d 1278 (10th Cir. 2019)........................ 11

*Emery Worldwide Airlines, Inc. v. United States*,
264 F.3d 1071 (Fed. Cir. 2001) ................................................................... 14

*Flute v. United States*, 808 F.3d 1234 (10th Cir. 2015) ...................................... 3

*Goodwill Indus. Servs. Corp. v. Comm. for Purchase from People who are Blind or
Severely Disabled*, 378 F. Supp. 2d 1290 (D. Colo. 2005) ............................. 14

*Lee v. States*, 127 Fed. Cl. 734 (2016)............................................................. 9

*Manion v. Spectrum Healthcare Res.*, 966 F. Supp. 2d 561 (E.D.N.C. 2013)...... 10

*Pierson v. United States*, 2010 WL 11561199 (S.D. Fla. Oct. 19, 2010) .............. 1

*Port City Properties v. Union Pac. R. Co.*, 518 F.3d 1186 (10th Cir. 2008) .......... 16

*Rex Serv. Corp. v. United States*, 448 F.3d 1305 (Fed. Cir. 2006) ...................... 13

*Richards v. Kiernan*, 461 F.3d 880 (7th Cir. 2006)............................................ 9

*Scarlett v. Nat'l Sci. Found. Off. of Inspector Gen.*,
2022 WL 17830227 (D.D.C. Dec. 21, 2022)................................................... 8

*Smith v. United States*, 561 F.3d 1090 (10th Cir. 2009) ..................................... 3

*State of N.M. v. Regan*, 745 F.2d 1318 (10th Cir. 1984) ................................ 5, 6

*Steele v. United States*, 19 F.3d 531 (10th Cir. 1994) .......................................... 9

*United States v. Mitchell*, 463 U.S. 206 (1983) ................................................. 5

*United States v. Murdock Mach. & Eng'g Co. of Utah*, 81 F.3d 922 (10th Cir. 1996) ................................................................. 5

*United States v. Testan*, 424 U.S. 392 (1976) ................................................. 5

*Vill. W. Assocs. v. Rhode Island Hous. & Mortg. Fin. Corp.*, 618 F.Supp.2d 134 (D.R.I. 2009) ......................................................... 15, 16

*Walker v. Greenville Cnty. Clerk of Ct.*, 2023 WL 5516081 (D.S.C. Aug. 11, 2023) ................................................................. 12

**Federal Statutes**

10 U.S.C. § 2409 [currently § 4701] ......................................................... 1, 9

10 U.S.C. § 4701 (formerly codified at § 2409) ......................................... 9, 10

10 U.S.C. § 4701(b)(1) ......................................................................... 10

10 U.S.C. § 4701(c)(2) ......................................................................... 10

25 U.S.C. § 1661 ................................................................................. 6

25 U.S.C. § 5331(a) ............................................................................. 15

28 U.S.C. § 1291 ................................................................................. 2

28 U.S.C. § 1331 ................................................................................. 1

28 U.S.C. § 1337 ................................................................................. 1

28 U.S.C. § 1343 ................................................................................. 1

28 U.S.C. § 1491(a) ............................................................................. 14

28 U.S.C. § 1491(a)(1) ......................................................................... 5

28 U.S.C. § 1491(b)(1) ................................................................13, 14

28 U.S.C. § 1631 ...................................................................... 6

28 U.S.C. § 451 ........................................................................ 1

41 U.S.C. § 4712 ........................................................ 1, 7, 8, 10

41 U.S.C. § 4712(a)(1) .............................................................. 7

41 U.S.C. § 4712(c)(2) .............................................................. 7

42 U.S.C. § 1395 .................................................................... 11

42 U.S.C. § 18116 .................................................................. 12

5 U.S.C. § 1101 et seq. ............................................................ 9

5 U.S.C. § 2105(a)(1) ............................................................... 9

5 U.S.C. § 2302 ........................................................................ 1

5 U.S.C. § 2302(b)(8) ............................................................... 8

**Tenth Circuit Rules**

Tenth Circuit Rule 28.2(C)(1) ..................................................... 1

**Federal Rules**

Fed. R. App. P. 4(a)(1)(B)(i) ...................................................... 2

Fed. R. Civ. P. 12(b)(1) .................................................... 1, 3, 5, 6

Fed. R. Civ. P. 12(b)(6) ................................................. 1, 2, 3, 7

**Federal Regulations**

25 C.F.R. § 11.448 ................................................................ 12

25 C.F.R. § 11.448(b) ............................................................. 12

## STATEMENT OF RELATED CASES

Pursuant to Tenth Circuit Rule 28.2(C)(1), counsel for Appellee states there are no prior or related appeals.

## STATEMENT OF JURISDICTION

Appellant, Robert McIntyre, M.D., filed a complaint in the United States District Court for the Northern District of Oklahoma against Appellees, United States Indian Health Service (USIHS) and Vista Staffing Solutions, Inc., (Vista Staffing) claiming breach of contract and alleging jurisdiction pursuant to 28 U.S.C. § 451, §1331, § 1337, § 1343,41 U.S.C. § 4712, 5 U.S.C. § 2302, and 10 U.S.C. § 2409. [Supp. App. 1 at ¶ 1.] Appellee, the United States, the properly named party Defendant[1], filed a motion to dismiss USIHS pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that the district court lacked subject matter jurisdiction, and that McIntyre failed to state a claim upon which relief can be granted. [Supp. App. 2.] Vista Staffing also filed a

---

[1] United States Indian Health Service is not properly named as a defendant or appellee in this action because a federal agency may not be sued in its own name without express congressional authority. *Blackmar v. Guerre*, 342 U.S. 512, 514–15 (1952); s*ee also Pierson v. United States*, No. 10-80786-CIV, 2010 WL 11561199, at *1 (S.D. Fla. Oct. 19, 2010). McIntyre identified no such authority, and the named defendant/appellee should be the United States or the Secretary of Health and Human Services in his official capacity, depending on the claims being brought.

1

motion to dismiss.  [Supp. App. 3.] The district court granted Vista Staffing's motion to dismiss on November 21, 2024.  [App. 4.] The next day, the district court granted the United States' motion to dismiss, and Judgment was entered for all Defendants on November 22, 2024.  [App. 3 and  4 (docket no. 40).] McIntyre filed a notice of appeal on December 20, 2024. [App. 1, p.7.] Pursuant to Fed. R. App. P. 4(a)(1)(B)(i), the notice of appeal is timely because it was filed within 60 days after the judgment was entered for both USIHS and Vista Staffing Solutions on their motions to dismiss.

This Court has appellate jurisdiction for this matter pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1. Whether the USIHS, as an agency of the United States, waived its sovereign immunity, shielding the United States from suit absent its consent to be sued.

2. Whether the district court has subject matter jurisdiction for an alleged breach of contract action in excess of $10,000.00, against the United States.

3. Whether McIntyre failed to state a claim for relief against the United States pursuant to Fed. R. Civ. P. 12(b)(6).

2

## STANDARD OF REVIEW

This Court reviews *de novo* the district court's dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, and also its dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See Smith v. United States*, 561 F.3d 1090, 1097-98 (10th Cir. 2009). The Court also reviews questions of law *de novo*, including whether Congress has waived the United States' sovereign immunity. *Flute v. United States*, 808 F.3d 1234, 1239 (10th Cir. 2015).

## STATEMENT OF THE CASE AND THE FACTS

Vista Staffing, a physician staffing company, has a contract to provide medical staff to the Chinle Comprehensive Healthcare Facility operated by the USIHS on the Chinle Reservation located in Chinle, AZ. In January 2021, McIntyre, a psychiatrist, entered into an independent contractor agreement with Vista Staffing to provide psychiatric services to Vista's clients, as determined by Vista Staffing, and was assigned to the Chinle Clinic to provide such services.

McIntyre's independent contractor agreement with Vista Staffing clearly provides that the Chinle Clinic can terminate McIntyre's services through Vista Staffing at any time and for any reason. In October 2021 and consistent with the plain language of the independent contractor agreement, the Chinle Clinic

3

advised Vista Staffing of its decision to terminate McIntyre's services, which Vista Staffing honored. Despite both Vista Staffing's and the Chinle Clinic's clear and plain adherence to the termination provisions for McIntyre's services in the independent contractor agreement, McIntyre sues Vista Staffing and the USIHS.

## SUMMARY OF THE ARGUMENT

Appellant sues on a breach of contract theory seeking in excess of $10,000.00. In his complaint, Appellant even described this case as "an action in breach of contract" and sought damages of "no less than $75,000." [Supp. App. 1]. However, Congress gives exclusive subject-matter jurisdiction for contract actions against the government in excess of $10,000.00, to the Court of Federal Claims. Appellant's district court complaint attempts to assert subject matter jurisdiction through reference to a variety of statutes but also failed to establish a plausible claim because either the statutes do not apply to the United States, or the complaint failed to allege any relevant facts required for the application of those statutes. Appellant McIntyre failed to state a claim over which the district court had subject matter jurisdiction for the government defendant, USIHS. The district court properly concluded the Appellant's case should be dismissed for lack of jurisdiction and for failure to state a claim for

relief.  This court should affirm the dismissal of McIntyre's case by the district court.

## ARGUMENT

### I.    The Complaint was Properly Dismissed for Lack of Subject-Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1).

"It has long been established ... that the United States, as sovereign, 'is immune from suit save as it consents to be sued.'" *United States v. Murdock Mach. & Eng'g Co. of Utah*, 81 F.3d 922, 929 (10th Cir. 1996) (*quoting United States v. Testan*, 424 U.S. 392, 399 (1976)). 'The existence of consent is a prerequisite for jurisdiction.' 81 F.3d at 930. (*quoting United States v. Mitchell*, 463 U.S. 206, 212 (1983)). Congress enacted a limited waiver of sovereign immunity in the Tucker Act, under which "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded [ ] upon ... any express or implied contract with the United States[.]" 28 U.S.C. § 1491(a)(1). "For claims against the United States involving amounts greater than $10,000 founded upon the Constitution, Acts of Congress, executive regulations, or contracts, the Act vests exclusive jurisdiction with the Claims Court." *State of N.M. v. Regan*, 745 F.2d 1318, 1322 (10th Cir. 1984) (*citing Amalgamated Sugar Co. v. Bergland*, 664 F.2d 818, 823 (10th Cir.1981)) (emphasis in the original). When "the 'prime

5

objective' or 'essential purpose' of the complaining party is to obtain money from the federal government (in an amount in excess of $10,000), the Claims Court's exclusive jurisdiction is triggered." *Id.* (internal citations omitted). The United States Indian Health Service is an agency of the United States Department of Health and Human Services. See Supp App. \*\*Doc. 1 at 3, ¶ 9; 25 U.S.C. § 1661. In the district court action against the USIHS, McIntyre seeks no less than $75,000 in damages, premised on an alleged breach of contract and various federal statutes and a regulation. See Supp App. \*\* Doc. 1 at 19. These claims fit squarely within the Tucker Act's grant of exclusive jurisdiction to the Court of Federal Claims, and this Court should therefore uphold the dismissal of McIntyre's complaint pursuant to Fed. R. Civ. P. 12(b)(1).

Although 28 U.S.C. § 1631 permits a court to transfer a case over which it lacks jurisdiction "in the interest of justice," no such interest exists here. As explained below, in addition to a lack of jurisdiction, McIntyre has failed to state a claim upon which relief can be granted, so no purpose would be served by transferring, rather than upholding the dismissal of the case.

## II. The Complaint was Properly Dismissed for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6).

McIntyre cites to a variety of federal statutes, and one federal regulation, in his complaint to support of his theory that Defendants breached a contract of which he alleges he was a third-party beneficiary. [Supp App. 1 at 7, ¶ 32.] As explained below, none of McIntyre's cited authorities grant McIntyre a right of relief against USIHS, the complaint was properly dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### A. 41 U.S.C. § 4712(a)(1) Does Not Grant the District Court Jurisdiction

The National Defense Authorization Act of 2013, 41 U.S.C. § 4712(a)(1), "prohibits a government contractor from discriminating against an employee 'as a reprisal for disclosing ... information that the employee reasonably believes is ... a violation of law, rule, or regulation related to a Federal contract.'" *Armstrong v. The Arcanum Grp., Inc.*, 897 F.3d 1283, 1287 (10th Cir. 2018). After a complainant exhausts administrative remedies, the statute allows the complainant to "bring a de novo action at law or equity against the contractor, subcontractor, grantee, subgrantee, or personal services contractor to seek compensatory damages and other relief available under this section in the appropriate district court of the United States." 41 U.S.C. § 4712(c)(2). The statute does not authorize any relief against a federal agency. *See Scarlett v.*

7

*Nat'l Sci. Found. Off. of Inspector Gen.*, No. 22-CV-188 (BAH), 2022 WL 17830227, at *6 (D.D.C. Dec. 21, 2022) ("The statute does not, however, provide for lawsuits against the federal government itself—let alone explicitly waive sovereign immunity for certain claims against the federal government."). IHS is a federal agency, not a contractor; thus § 4712 does not apply to it. McIntyre does not even allege that the IHS is a "contractor, subcontractor, grantee, subgrantee, or personal services contractor", or that the statute is otherwise applicable. Under Proposition II, McIntyre claims he is entitled to jurisdiction because he has exhausted his administrative remedies. However, as explained regarding each of McIntyre's citations, as he is not the class or category of persons for which the remedies were created, his attempt at exhaustion is irrelevant. Accordingly, McIntyre fails to state a claim upon which relief can be granted.

### B. 5 U.S.C. § 2302(b)(8) Does Not Grant the District Court Jurisdiction

The Whistleblower Protection Act makes it unlawful to "take or fail to take, or threaten to take or fail to take, a personnel action with respect to any employee or applicant for employment because of" certain whistleblower disclosures. § 2302(b)(8). McIntyre does not allege that he was an "employee" of or "applicant" for employment with the IHS. "For the purposes of Title 5 of

the United States Code, an 'employee' is defined as 'an individual who is ... appointed in the civil service' by a federal employee acting in an official capacity. 5 U.S.C. § 2105(a)(1)." *Lee v. States*, 127 Fed. Cl. 734, 739 (2016). In fact, McIntyre was an independent contractor. As he alleges in the complaint, he "contracted with Defendant Vista Staffing Solutions, Inc. to be placed with a Vista client that needed his professional medical services." [Supp. App. ***Doc. 1 at 3, ¶ 13.] Because he was neither an "employee" nor an "applicant" for employment with a federal agency, McIntyre fails to state a claim upon which relief can be granted. Moreover, the district court lacks jurisdiction over McIntyre's claim because the Civil Service Reform Act, 5 U.S.C. § 1101 et seq., provides the exclusive remedy for violations of the Whistleblower Protection Act and requires such claims to be filed with the Merit Systems Protection Board in the first instance, with review by the Court of Appeals for the Federal Circuit. *See Richards v. Kiernan*, 461 F.3d 880, 885 (7th Cir. 2006) (collecting cases*); see also Steele v. United States*, 19 F.3d 531, 533 (10th Cir. 1994).

**C.   10 U.S.C. § 2409 [currently § 4701] Does Not Grant the District Court Jurisdiction**

The Defense Contractor Whistleblower Protection Act, 10 U.S.C. § 4701 (formerly codified at § 2409) creates a whistleblower protection scheme similar

to 41 U.S.C. § 4712, but specific to contracts and grants of the Department of Defense and the National Aeronautics and Space Administration. Like 41 U.S.C. § 4712, it authorizes a complainant, after exhausting administrative remedies, to "bring a de novo action at law or equity against the contractor, subcontractor, grantee, subgrantee, or personal services contractor." 10 U.S.C. § 4701(c)(2). As with 41 U.S.C. § 4712, 10 U.S.C. § 4701 does not authorize any relief against a federal agency, and McIntyre does not allege that the IHS is a "contractor, subcontractor, grantee, subgrantee, or personal services contractor." An agency "is not a permitted defendant" under the statute. *Manion v. Spectrum Healthcare Res.*, 966 F. Supp. 2d 561, 566 (E.D.N.C. 2013). Moreover, McIntyre has not alleged in his complaint that he exhausted his administrative remedies under 10 U.S.C. § 4701 by submitting "a complaint to the Inspector General of the Department of Defense, or the Inspector General of the National Aeronautics and Space Administration." 10 U.S.C. § 4701(b)(1).  Accordingly, McIntyre failed to state a claim upon which relief can be granted.

### D.    42 U.S.C. § 1395 Does Not Grant the District Court Jurisdiction

McIntyre alleges in a conclusory fashion that "IHS acts and omissions herein also violated 42 U.S.C. § 1395." Doc. 1 at 9, ¶ 44; *see also* Doc. 1 at 10-11, ¶ 50. That section, part of the Medicare Act, provides in full:

> Nothing in this subchapter shall be construed to authorize any Federal officer or employee to exercise any supervision or control over the practice of medicine or the manner in which medical services are provided, or over the selection, tenure, or compensation of any officer or employee of any institution, agency, or person providing health services; or to exercise any supervision or control over the administration or operation of any such institution, agency, or person.  42 U.S.C. § 1395.

McIntyre's claims were properly dismissed because he did not plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, this Court lacks jurisdiction to entertain this claim until McIntyre has exhausted administrative remedies. Before obtaining judicial review of claims arising under the Medicare statute, a plaintiff must first (1) present a claim to the Secretary of Health and Human Services and (2) fully exhaust all available administrative remedies. *See Am. Hosp. Ass'n v. Azar*, 895 F.3d 822, 825-26 (D.C. Cir. 2018); *Blue Valley Hosp., Inc. v. Azar*, 919 F.3d 1278 (10th Cir. 2019). McIntyre does not allege that he has done so here.

11

### E.    25 C.F.R. § 11.448(b) Does Not Grant the District Court Jurisdiction

In a single sentence, McIntyre alleges that "IHS acts and omissions herein also violated 25 C.F.R. § 11.448…" Doc. 1 at 7, ¶ 37. This regulation of the Department of the Interior makes certain conduct in Indian Country a misdemeanor. McIntyre alleges no facts showing how this criminal law would entitle him to relief in a civil action. The regulation does not create a private right of action and McIntyre, as a private citizen, may not enforce federal criminal laws. *See Walker v. Greenville Cnty. Clerk of Ct.*, No. 623CV03544HMHKFM, 2023 WL 5516081, at *3 (D.S.C. Aug. 11, 2023), report and recommendation adopted, No. CV 6:23-3544-HMH-KFM, 2023 WL 5509368 (D.S.C. Aug. 25, 2023). The district court properly dismissed Appellant's claim.

### F.    42 U.S.C. § 18116 Does Not Grant the District Court Jurisdiction

Again, in a single sentence, McIntyre alleges that "[t]he retaliatory discharge of Dr. McIntyre was also a violation of 42 U.S.C. § 18116." Doc. 1 at 16, ¶ 81. This section of the Affordable Care Act prohibits discrimination in federally funded or administered health programs on grounds prohibited by title VI of the Civil Rights Act of 1964, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, or the Rehabilitation Act of

1973. McIntyre alleges no facts showing that he was discriminated against in violation of any of these authorities or is otherwise entitled to relief under this statute. The district court properly dismissed his claim.

### G. 28 U.S.C. § 1491(b)(1) Does Not Grant the District Court Jurisdiction

Attempting to escape the Tucker Act's grant of exclusive jurisdiction to the Court of Federal Claims, McIntyre cites 28 U.S.C. § 1491(b)(1). (Dkt. 30 at ¶ 2.) This argument lacks merit for at least two reasons.

First, the jurisdiction granted by 28 U.S.C. § 1491(b)(1) is specific to claims challenging federal procurements, commonly known as bid protests. As the plain text of the statute makes clear, it is limited to actions "by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." *Id*. McIntyre has not brought such a claim. Moreover, to be an "interested party" with standing to bring a claim under § 1491(b)(1), McIntyre would have to establish that he "(1) is an actual or prospective bidder, and (2) possesses the requisite direct economic interest." *Rex Serv. Corp. v. United States*, 448 F.3d 1305, 1307 (Fed. Cir. 2006). He has not alleged this in his complaint. If any possible jurisdiction exists over McIntyre's claims for

13

breach of contract and violation of various federal laws, it would be under 28

U.S.C. § 1491(a), and Congress vested that jurisdiction exclusively in the Court

of Federal Claims.

Second, even if McIntyre's claims fell within the scope of § 1491(b)(1) and

McIntyre had standing, jurisdiction over the claims would still be limited to the

Court of Federal Claims.

> Although the text of the Tucker Act purports to grant concurrent
> jurisdiction to federal district courts as well as the Court of Federal
> Claims, Congress subjected the grant of district court jurisdiction
> to a "sunset provision" that terminated in 2001. Now, the Court of
> Federal Claims has 'exclusive jurisdiction to review government
> contract protest actions.'

*Bayaud Enterprises, Inc. v. U.S. Dep't of Veteran's Affs.*, 440 F. Supp. 3d 1230,

1237 n.2 (D. Colo. 2020) (quoting *Emery Worldwide Airlines, Inc. v. United States*,

264 F.3d 1071, 1079-80 (Fed. Cir. 2001); *see also Goodwill Indus. Servs. Corp. v.*

*Comm. for Purchase from People who are Blind or Severely Disabled*, 378 F. Supp. 2d

1290, 1292-93 (D. Colo. 2005). Specifically, in the Administrative Dispute

Resolution Act of 1996, Congress provided that "the jurisdiction of the district

courts of the United States over the actions described in section 1491(b)(1) of

title 28, United States Code (as amended by subsection (a) of this section) shall

terminate on January 1, 2001 unless extended by Congress." Pub. L. No. 104–

320, § 12(d), 110 Stat. 3870, 3875. Accordingly, the Tucker Act does not provide this Court jurisdiction over McIntyre's claims.

### III. No Other Statutes Grant This Court Jurisdiction Over McIntyre's Claims.

McIntyre also cites case law that clarifies that a district court may exercise jurisdiction over claims against the federal government when it has "independent grounds upon which to exercise subject matter jurisdiction and a source of waiver of sovereign immunity besides the Tucker Act." *Vill. W. Assocs. v. Rhode Island Hous. & Mortg. Fin. Corp.*, 618 F.Supp.2d 134, 138 (D.R.I. 2009). Defendant does not dispute this principle. For example, in the Indian Self-Determination Act, Congress granted district courts concurrent jurisdiction over contract disputes arising under that Act. 25 U.S.C. § 5331(a). But this is not such a case. McIntyre identifies no provision of any of the statutes under which he has pled his claims that would grant concurrent jurisdiction to this Court to adjudicate his claims against the federal government.

### IV. Concerns Over Multiple Suits Do Not Create Jurisdiction.

McIntyre objects that dismissal for lack of subject-matter jurisdiction would lead to a multiplicity of suits. This overlooks the fact that the complaint is also subject to dismissal for failure to state a claim. It is questionable whether

15

McIntyre's claims could survive a motion to dismiss in any forum in which he chooses to file them. More importantly, McIntyre fails to address the fact that he bears the burden of establishing subject-matter jurisdiction in the district court. *Port City Properties v. Union Pac. R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008). As the court observed in one of the cases McIntyre relies upon, even where there is an "overarching interest in judicial economy … jurisdiction cannot be created where none exists." *Vill. W. Assocs.,* 618 F. Supp. 2d at 141.

## CONCLUSION

McIntyre falls far short of alleging jurisdiction and stating any claim upon which relief can be granted. The Complaint was properly dismissed by the district court.  For the above reasons, the district court's order granting the United States' motion to dismiss should be affirmed and this matter should be dismissed.

## STATEMENT REGARDING ORAL ARGUMENT

This appeal does not raise any novel issues that cannot be decided by the application of existing precedent and well-established legal principles. Therefore, the Appellee does not believe that oral argument would materially assist the Court in its determination of this appeal.

DATED: March 24, 2025

Respectfully submitted,

UNITED STATES OF AMERICA
CLINTON J. JOHNSON
United States Attorney

*s/Rachel D. Parrilli*
Rachel D. Parrilli, OBA No. 18762
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
T: 918-382-2700
F: 918-560-7948
Rachel.Parrilli@usdoj.gov

**Certificate of Compliance with Type-Volume Limit**

This document complies with the type-volume limit of Fed. R. App. P. 32(g) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,518 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Calisto MT.

*s/ Rachel D. Parrilli*
Rachel D. Parrilli
Assistant United States Attorney

**Certificate of Service**

I certify that on March 24, 2025, I electronically transmitted the foregoing to the Clerk of the Court using the ECF System for filing, which will send notification of that filing to the following ECF registrants:

Daniel J. Gamino
danieljgaminopc@gmail.com
*Attorney for Plaintiff-Appellant*

James E. Peacock
James.peacock@gtlaw.com
Ryan A. Ray
RRay@NWLawOK.com
Alicia Voltmer
Alicia.voltmer@gtlaw.com
*Attorneys for Defendant-Appellee Vista Staffing*

*s/ Chrissy Meyer*
Chrissy Meyer
Paralegal Specialist

18